BRISTOL ENERGY CORPORATION d/b/a Alexandria Power Associates; Bio-Energy Corporation; Bridgewater Power Company, L.P.; Hemphill Power and Light Company; Pinetree Power, Inc.; Pinetree Power—Tamworth, Inc.; Timco, Inc.; and Whitefield Power and Light Company, Plaintiffs,

Wheelabrator Concord Company, L.P. and Wheelabrator Claremont Company, L.P., Intervenor–Plaintiffs,

American Hydro, Inc.—Peterborough, and Energy Tactics, Inc., Plaintiff–Intervenors,

Avery Hydroelectric Corp.; Boston Felt Company; Briar Hydro Associates; Clement Dam Development, Inc.; Consolidated Hydro, Inc.; Errol Hydroelectric Limited Partnership; Freshwater Hydro, Inc.; Greggs Falls Hydroelectric Associates; Hadley Falls Associates; Thomas Hodgson & Sons, Inc.; Hydro–Op One Associates; Lakeport Hydroelectric Corp.; Mine Falls Partnership; Nashua Hydro Associates; New Hampshire Hydro Associates; Pembroke Hydro Associates; Paul Phillips d/b/a Exeter Hydro; Pittsfield Hydropower Co.; White Mountain Hydroelectric Corp., Plaintiff–Intervenors,

v.

STATE OF NEW HAMPSHIRE PUBLIC UTILITIES COMMISSION, Defendant.

Civ. No. 93–322–SD.

United States District Court, D. New Hampshire.

July 28, 1993.

Robert A. Olson and Robert A. Olson, Concord, NH, for original plaintiffs plus intervenors American Hydro and Energy Tactics.

Jay L. Hodes, Manchester, NH and Howard E. Shapiro, Washington, DC, for Wheelabrator Concord Co. L.P. and Wheelabrator Claremont Co. L.P., intervenors-plaintiffs.

James P. Bassett, Concord, NH, for 19 plaintiffs-intervenors in Avery section.

Harold T. Judd, Asst. Atty. Gen., Concord, NH, for defendant.

## ORDER

DEVINE, Senior District Judge.

Plaintiffs herein seek relief from this court's order of July 20, 1993, and from the resultant judgment entered on July 21, 1993, dismissing their action for injunctive relief against defendant State of New Hampshire Public Utilities Commission (PUC) for lack of subject matter jurisdiction. Presently before the court are (1) plaintiffs' motion for relief from order and judgment or, in the alternative, application for injunction pending appeal, and (2) plaintiffs' motion for immediate consideration, in which plaintiffs are joined by plaintiff-intervenor Energy Tactics, Inc., and plaintiff-intervenor American Hydro, Inc.--Peterborough.

### 1. Background

On June 14, 1993, plaintiffs, a group of business organizations which own wood-fired electrical generating facilities in the state of New Hampshire, brought an action for declaratory and injunctive relief against defendant State of New Hampshire Public Utilities Commission (PUC). Said action was brought in response to PUC's May 27, 1993, letter to each of the plaintiffs seeking detailed information respecting their facilities pursuant to its interpretation of the requirements of section 712 of the Energy Policy Act of 1992, P.L. 102–486, 106 Stat. 2776, 2910, codified at 16 U.S.C. § 2621(d)(10) (Supp.1993) (amending section 111 of the Public Utilities Regulatory Policies Act of 1978 (PURPA), Title I, codified at 16 U.S.C. § 823a, *et seq.*, and § 2601, *et seq.*[1]

In the July 20, 1993, order, this court dismissed plaintiffs' action for lack of subject matter jurisdiction pursuant to section 123(a) of PURPA, codified at 16 U.S.C. § 2633(a), which precludes this court's jurisdiction over actions brought under section 2621(d)(10). *Bristol Energy Corp. v. State of N.H. Public Utilities Comm'n,* 1993 WL 295150, *2, 1993

U.S.Dist. LEXIS 10012 at *4–*5 (D.N.H. July 20, 1993).

### 2. Discussion

In their motion for reconsideration, plaintiffs seek relief from the July 20, 1993, order and the July 21, 1993, judgment entered thereupon because of an allegedly erroneous legal result. "[I]t is settled in this circuit that a motion which ask[s] the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed.R.Civ.P. 59(e)." *Appeal of Sun Pipe Line Co.,* 831 F.2d 22, 24 (1st Cir.1987), *cert. denied, Sun Pipe Line Co. v. EPA,* 486 U.S. 1055, 108 S.Ct. 2821, 100 L.Ed.2d 922 (1988). Therefore, notwithstanding plaintiffs invocation of Rule 60(b), Fed.R.Civ.P.,[2] the court construes plaintiffs' motion as having been brought under Rule 59(e).

In an attempt to circumvent section 2633, plaintiffs contend that their action was not brought under 16 U.S.C. § 2621(d)(10). Rather, they assert that it was brought under 16 U.S.C. § 824a–3(e)(1) (contained in § 210 of PURPA, codified at 16 U.S.C. § 824a–3), which provides that the Federal Energy Regulatory Commission

> shall ... prescribe rules under which geothermal small power production facilities of not more than 80 megawatts capacity, qualifying cogeneration facilities, and qualifying small power production facilities are exempted in whole or part from the Federal Power Act [16 U.S.C.A. § 791a et seq.], from the Public Utility Holding Company Act [15 U.S.C.A. § 79 et seq.], from State laws and regulations respecting the rates, or respecting the financial organizational regulation, of electric utilities, or from any combination of the foregoing, if the commission determines such exemption is necessary to encourage cogeneration and small power production.[3] (Bracketed material in original.)

---

1. PUC's data requests are attached to the July 20, 1993, order as Appendix.

2. The court notes that plaintiffs have not specified how Rule 60(b) purportedly applies to their request for relief.

3. The court assumes arguendo that plaintiffs are covered under this provision.

Plaintiffs argue that because the exemptions set forth at 18 C.F.R. § 292.602(c)(1) were authorized by section 824a–3(e)(1), said regulations preempt defendant's attempt to require responses to its data requests pursuant to 16 U.S.C. § 2621(d)(10). Accordingly, plaintiffs imply that this court has subject matter jurisdiction over their action under 28 U.S.C. § 1331 (Supp.1993). *Cf.* Memorandum of Law in Support of Motion for Relief from Order and Judgment and Alternative Application for Injunction Pending Appeal at 5 (citing *see generally Independent Energy Producers Ass'n v. California Public Utilities Comm'n,* 1992 U.S.Dist. LEXIS 8576 (N.D.Cal. June 3, 1992) ("In *Shaw v. Delta Air Lines, Inc.,* 463 U.S. [85, 96] n. 14 [103 S.Ct. 2890, 2899 n. 14, 77 L.Ed.2d 490] [1983], the Court emphasized that '[a] plaintiff who seeks injunctive relief from state regulation, on the ground that such regulation is preempted by a federal statute which, by virtue of the Supremacy Clause of the Constitution, must prevail, thus presents a federal question which the federal courts have jurisdiction under 28 U.S.C. § 1331 to resolve.' ").

However, Rule 292.602(c)(1) provides:

(c) *Exemption from certain State law and regulation.* (1) Any qualifying facility shall be exempted (except as provided in paragraph (c)(2)) of this section from State law or regulation respecting:

(i) The rates of electric utilities; and

(ii) The financial and organizational regulation of electric utilities.

18 C.F.R. § 292.602(c)(1) (1993). Assuming arguendo that this court could exercise jurisdiction over plaintiffs' purported preemption claim at this stage in the process, there remain at least two problems with plaintiffs' argument. First, defendant's data requests were issued pursuant to federal law; i.e., the Energy Policy Act of 1992. Therefore, Rule 292.602(c)(1) is inapposite. Second, section 2621(d)(10)(C) provides:

*Notwithstanding any other provision of Federal law,* nothing in this paragraph shall prevent a State regulatory authority from taking such action ... as such State regulatory authority may determine to be in the public interest as a result of performing evaluations under the standards of subparagraph (A).

Therefore, section 2621(d)(10) "preempts" any exemptions from federal law authorized under section 824a–3(e)(1).

Accordingly, the court herewith (1) grants plaintiffs' motion for immediate consideration, (2) denies plaintiffs' Rule 59(e) motion, and (3) denies plaintiffs' application in the alternative for an injunction prohibiting defendant from requiring responses to its data requests pending appeal on the basis that plaintiffs have not "made a strong showing that [they] are likely to succeed [in such appeal] on the' merits." *Cf. Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987) (stating the preceding as the first factor of a four-part inquiry to be undertaken when a court considers an application for stay pending appeal).

SO ORDERED.